ORIGINAL

DAVID J. GIERLACH          5041
500 Ala Moana Boulevard
Suite 330, 5 Waterfront Plaza
Honolulu, Hawaii 96813
Telephone:   (808) 523-1332
Fax:         (808) 526-2275
Email:       gierlach33@aol.com

BRIAN A. DUUS              8196
500 Ala Moana Boulevard
Suite 330, 5 Waterfront Plaza
Honolulu, Hawaii 96813
Telephone:   (808) 523-1332
Fax:         (808) 526-2275
Email:       brianduus@gmail.com

Attorneys for

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 18 2008

at 3 o'clock and 35 min. P M.
SUE BEITIA, CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| KING'S MARKET & LIQUOR, ) | CIVIL NO. CV08 00101HG LEK |
| ) | |
| Plaintiff, ) | COMPLAINT |
| ) | |
| vs. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Defendant. ) | |
| ) | |

## COMPLAINT

Plaintiff King's Market & Liquor for its Complaint against the Defendant United States of America alleges and avers as follows.

1. At all times relevant, Plaintiff King's Market & Liquor ("Plaintiff") is and was a Hawaii corporation doing business in the City and County of Honolulu, State of Hawaii.

2. At all times relevant, Defendant United States of America ("Defendant") is a sovereign that has waived its immunity from suit. This Court has jurisdiction over this claim pursuant 7 U.S.C. § 2023.

3. Venue is proper in this Court pursuant to 7 U.S.C. § 1391(e).

4. At all times relevant, Plaintiff was an authorized food stamp vendor. In 2007, a Notice of Permanent Disqualification was served on the Plaintiff after a field office investigation revealed alleged trafficking in food stamps.

5. Plaintiff timely objected to the notice and timely appealed the field office's notice of permanent disqualification.

6. On February 22, 2008, Plaintiff received the administrative review officer's decision sustaining the field office's Notice of Permanent

Disqualification.

7.  This Complaint is filed seeking judicial review, *de novo*, of the decision sustaining the permanent disqualification regarding food stamp participation by the Plaintiff as a vendor.

8.  The agency action is invalid because the evidence does not establish misconduct by the Plaintiff, rather, Plaintiff engaged in legitimate, authorized transactions in its food stamp activities and the instant action should be set aside.

WHEREFORE, Plaintiff prays as follows:

A.  The agency action be set aside;

B.  That the Plaintiff be permitted to continue its food stamp vendor status;

C.  That the Court award such other and further relief as it deems just and equitable under the circumstances.

DATED: Honolulu, Hawaii, March 18, 2008.

---
DAVID J. GIERLACH
BRIAN A. DUUS
Attorneys for Plaintiff