ORIGINAL

DAVID J. GIERLACH          5041
500 Ala Moana Boulevard
Suite 330, 5 Waterfront Plaza
Honolulu, Hawaii 96813
Telephone:   (808) 523-1332
Fax:         (808) 526-2275
Email:       gierlach33@aol.com

BRIAN A. DUUS              8196
500 Ala Moana Boulevard
Suite 330, 5 Waterfront Plaza
Honolulu, Hawaii 96813
Telephone:   (808) 523-1332
Fax:         (808) 526-2275
Email:       brianduus@gmail.com

Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| YOUNG CHOI INC. dba KING'S MARKET & LIQUOR, | CIVIL NO. CV08 00101 HG/LEK |
| Plaintiff, | SECOND AMENDED COMPLAINT |
| vs. | |
| UNITED STATES OF AMERICA, | |
| Defendant. | |

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII
JUN 03 2008
at ___ o'clock and ___ __M
SUE BEITIA, CLERK

## SECOND AMENDED COMPLAINT

Plaintiff Young Choi Inc. dba King's Market & Liquor for its Second Amended Complaint against the Defendant United States of America alleges and avers as follows.

1. At all times relevant, Plaintiff Young Choi Inc. dba King's Market & Liquor ("Plaintiff"), is and was a Hawaii domestic profit corporation registered under and doing business in the City and County of Honolulu, State of Hawaii.

2. At all times relevant, Defendant United States of America ("Defendant") is a sovereign that has waived its immunity from suit. This Court has jurisdiction over this claim pursuant 7 U.S.C. § 2023.

3. Venue is proper in this Court pursuant to 7 U.S.C. § 2023.

4. At all times relevant, Plaintiff was an authorized food stamp vendor. In 2007, a Notice of Permanent Disqualification was served on the Plaintiff after a field office investigation revealed alleged trafficking in food stamps.

5. Plaintiff timely objected to the notice and timely appealed the field office's notice of permanent disqualification.

6. On February 22, 2008, Plaintiff received the administrative review officer's decision sustaining the field office's Notice of Permanent Disqualification.

7. This Second Amended Complaint is filed seeking judicial review, *de novo,* of the decision sustaining the permanent disqualification regarding food stamp participation by the Plaintiff as a vendor.

8. The agency action is invalid because the evidence does not establish misconduct by the Plaintiff, rather, Plaintiff engaged in legitimate, authorized transactions in its food stamp activities and the instant action should be set aside.

WHEREFORE, Plaintiff prays as follows:

A. The agency action be set aside;

B. That the Plaintiff be permitted to continue its food stamp vendor status;

C. That the Court award such other and further relief as it deems just and equitable under the circumstances.

DATED: Honolulu, Hawaii, June 3, 2008.

_____
DAVID J. GIERLACH
BRIAN A. DUUS
Attorneys for Plaintiff